**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**CHRISTIAN NKEZE BETEMBUHKONG** **PETITIONER**

**V.** **CIVIL ACTION No.5:26-cv-352-DCB-RPM**

**RAFAEL VERGARA** **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation ("Report") [ECF No. 10] of the United States Magistrate Judge entered herein on September 1, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Meyers recommended that Respondent's Motion to Dismiss [ECF No. 6] should be granted on the basis that the Petition [ECF No. 1] is moot because Christian Nkeze Betembuhkong ("Petitioner") was removed from the United States on August 5, 2026. See [ECF No. 6, 6-1]. Petitioner, proceeding pro se, has failed to file objections to the Report by his deadline of September 14,2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law"

standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed the Petition [ECF No. 1], the Motion to Dismiss [ECF No. 6], filed August 13, 2026, and the related filings. The Court observes that Petitioner did not respond to the Motion to Dismiss, and, as stated above, did not file objections to the Report. Having considered the Report of Judge Meyers, the Court adopts his findings and conclusions in full.

In his Report, Judge Meyers determined, after a thorough review of the applicable law, that Christian Nkeze Betembuhkong's removal mooted these proceedings. The Court agrees. See, e.g., Francis v. Lynch, 622 F. App'x 455, 455-456 (5th Cir. 2015) (holding that the petitioner's challenge to the duration of his detention pending removal became moot when he was removed from the United States); see also John v. U.S. Immigration and Customs Enforcement, No. 3:25-CV-1844-B-BW, 2026 WL 569043 (N.D. Tex. Feb. 6, 2026) (dismissing ICE detainee's § 2241 petition without prejudice as moot upon evidence of his removal from the United States).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. Accordingly, Christian Nkeze Betembuhkong's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No.

1] should be dismissed without prejudice as moot. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 23 day of September, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE